<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SHERRY SCALERCIO-ISENBERG,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>SELECT PORTFOLIO SERVICING, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-02705 (BRM) (AME)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE[1]**

　　Before the Court is Defendants' Mitchell Scott Kurtz ("Kurtz") and Robert D. Bailey's ("Bailey") (together, the "Parker Ibrahim Defendants") Motion to Dismiss (ECF No. 45) *pro se* Plaintiff Sherry Scalercio-Isenberg's ("Plaintiff") Amended Complaint (ECF No. 40) pursuant to Federal Rule of Civil Procedure 12(b)(6)[2]. Plaintiff filed an opposition on June 13, 2023. (ECF No. 62.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Parker Ibrahim Defendants' Motion to Dismiss

---

[1] This matter was reassigned to this Court on November 29, 2023, upon the retirement of the Honorable Kevin McNulty, District Judge. (ECF No. 67.)

[2] Defendants' Select Portfolio Servicing, Inc. ("SPS"), Brett L. Messinger ("Messinger"), and Kassia Fialkoff's ("Fialkoff") (together, the "Duane Morris Defendants") Motion to Dismiss (ECF No. 54) Plaintiff's Amended Complaint (ECF No. 40) was decided by the Court's January 31, 2024 Opinion and Order (ECF Nos. 71, 72). Counts I, IV, V, and VI of the Amended Complaint (ECF No. 40) were dismissed with prejudice against the Duane Morris Defendants (ECF No. 71 at 1–2) and Counts II, III, and VII of the Amended Complaint (ECF No. 40) were dismissed without prejudice against the Duane Morris Defendants (ECF No. 71 at 2). Plaintiff was given thirty days from January 31, 2024 to file an amended complaint on Counts II, III, and VII. (ECF No. 72 at 2.)

(ECF No. 54) is **GRANTED**. Counts I, III, IV, V, and VI of Plaintiff's Amended Complaint (ECF No. 40) are **DISMISSED WITHOUT PREJUDICE** with leave to amend.

I.   BACKGROUND

A.   **Factual Background**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This action arises from a home foreclosure due to an unpaid mortgage. Plaintiff attempted to make mortgage payments to SPS, but these payments were placed in an SPS account titled "Unapplied." (ECF No. 40 ¶¶ 21–22.) As a result, the money was never applied to the outstanding mortgage balance, meaning the account balance increased and the non-payment was reported to credit agencies, resulting in negative assessments against Plaintiff's credit rating. (*Id.* ¶ 23.) Plaintiff attempted to dispute these non-payments and negative credit reports to Goldman Sachs, the owner of Plaintiff's mortgage loan, but Kurtz, on behalf of Goldman Sachs, informed Plaintiff in 2019 that she was forbidden from further visiting Goldman Sachs' New York office. (*Id.* ¶¶ 13–14.)

In June 2022, Plaintiff received a debt collection notice from Duane Morris, LLP ("Duane Morris") and immediately attempted to contact Duane Morris to indicate she disputed the outstanding amounts listed in the notice. (*Id.* ¶¶ 28–30.) Plaintiff spoke with Fialkoff, who noted her dispute and, in response to a question from Plaintiff, stated she had not filed a notice of

appearance on behalf of the Goldman Sachs entity Legacy Mortgage Asset Trust ("LMAT") in any court. (*Id.* ¶¶ 29–31.) Plaintiff filed her initial complaint for this action in the Southern District of New York ("SDNY") on April 19, 2022. (ECF No. 1.) Plaintiff then sent a letter dated June 17, 2022, containing details of this civil action to the Philadelphia office of Duane Morris. (ECF No. 40 ¶ 32.) Plaintiff states that various lawyers engaged in a coordinated campaign of harassment in response to her disputing the outstanding mortgage debt. (*Id.* ¶ 25.)

On July 29, 2022, a Foreclosure Action was filed against the property subject to the mortgage. (*Id.* ¶ 55.) Messinger, in completing the New Jersey Chancery Division Foreclosure Case Information Statement ("FCIS"), did not include the federal lawsuits filed by Plaintiff disputing the debt. (*Id.*)

On or about December 20, 2022, Plaintiff and her husband, Marcus Isenberg ("Isenberg"), made a payment of $100,000 to SPS via their lawyer, Mr. William Askin ("Askin"). (*Id.* ¶ 42.) Askin issued a check for the total amount demanded in the mortgage loan pay-off statement. (*Id.*) Plaintiff and Isenberg then proceeded to sell the home subject to the mortgage. (*Id.* ¶ 43.)

Plaintiff filed the operative Amended Complaint on March 8, 2023. (ECF No. 40.)

### B.    Procedural History

Plaintiff filed her initial Complaint in the SDNY on April 19, 2022. (ECF No. 1.) On May 2, 2022, Judge Laura Taylor Swain ordered the case transferred from the SDNY to the District of New Jersey ("DNJ") on the basis that the events detailed in the Complaint, including the debt collection against Plaintiff and alleged harassment of Plaintiff, occurred in New Jersey. (ECF No. 5 at 3–5.)

On June 28, 2022, Plaintiff moved for Default Judgment against SPS. (ECF No. 18.) On July 6, 2022, the Parker Ibrahim Defendants filed a Motion to Dismiss the Complaint against them

3

pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief may be granted. (ECF Nos. 21, 21-1.) On August 1, 2022, Plaintiff moved for Default Judgment against Defendant Credit Suisse Group ("Credit Suisse"). (ECF No. 25.) On August 19, 2022, SPS filed a Motion to Dismiss the Complaint for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). (ECF Nos. 27, 27-1.) The Court issued an opinion on February 28, 2023, denying Plaintiff's motions for Default Judgment against SPS and Credit Suisse, denying SPS's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 4(m), and granting the Parker Ibrahim Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 35.) The Court dismissed Plaintiff's claims against the Parker Ibrahim Defendants without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.*)

Plaintiff filed an amended complaint on March 8, 2023. (ECF No. 40.) The Amended Complaint[3] alleges the following causes of action: (1) violation of the Racketeer Influenced and Corrupt Organization ("RICO") statute by all Defendants (Count I); (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 1692, by Messinger (Count II); (3) Conspiracy to Commit Mortgage Fraud and Mortgage Servicing Fraud by all Defendants (Count III); (4) violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, 1683, by all Defendants (Count IV); (5) violation of the FDCPA, 18 U.S.C. § 1692(g), by all Defendants (Count V); (6) Mortgage Fraud by all Defendants (Count VI); and (7) Home Foreclosure Fraud and Perjury by Messinger (Count VII). The Parker Ibrahim Defendants filed a motion to dismiss Plaintiff's

---

[3] Plaintiff names the same defendants in her Amended Complaint as she did in her initial Complaint. (ECF Nos. 1, 40.)

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 17, 2023. (ECF No. 45.) Plaintiff filed an opposition on June 13, 2023. (ECF No. 62.)

### C.   Related Cases

#### 1.   Prior DNJ Action

Plaintiff filed a previous case against SPS in the DNJ on April 20, 2020 (the "Prior DNJ Action"). (Civ. A. No. 20-04501, ECF No. 1.) The complaint alleged five causes of action: (1) violation of the FCRA, 15 U.S.C. § 1681 (Count I); (2) Mortgage Fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-19 (Count II); (3) violation of the FDCPA, 15 U.S.C. § 1692 (Count III); (4) Extortion (Count IV); and (5) Money Laundering (Count V). (*Id.*) SPS filed a motion to dismiss the original complaint on May 28, 2020. (*Id.*, ECF No. 7.) The Honorable Anne E. Thompson, U.S.D.J. ("Judge Thompson") granted the motion and dismissed the complaint without prejudice on September 30, 2020. (*Id.*, ECF No. 13.)

Plaintiff filed an amended complaint on October 6, 2020. (*Id.*, ECF No. 16.) SPS filed a motion to dismiss the amended complaint on October 23, 2020. (*Id.*, ECF No. 19.) Judge Thompson granted the motion and dismissed the amended complaint with prejudice on January 27, 2021. (*Id.*, ECF No. 32.) Judge Thompson dismissed the claims on the following grounds: (1) Count I because SPS was not put on notice of the credit report dispute by a credit reporting agency; (2) Count II because SPS did not engage in sale or advertisement of merchandise or real estate; (3) Count III because SPS does not qualify as a "debt collector"; and (4) Counts IV and V because New Jersey does not recognize civil extortion and money laundering actions. (*Id.*, ECF No. 32 at 3–5.)

### 2.      The Foreclosure Action

On July 29, 2022, LMAT filed a Foreclosure Action against Plaintiff, Marcus Isenberg, and Charter One (the "Foreclosure Action") in the Superior Court of New Jersey, Chancery Division, Sussex County ("Superior Court"). (Case No. SWC-F-007893-22, Trans ID. CHC2022176074.) Plaintiff filed an answer, claiming: Messinger failed to include related cases to the foreclosure in the FCIS; and LMAT was a participant in a mortgage fraud scheme against Plaintiff. (*Id.*, Trans ID. CHC2022271214.) The Superior Court found the answer to be non-contesting and transferred the case to the Office of Foreclosure. (*Id.*, Trans. ID. CHC2022283434.) On December 29, 2022, LMAT voluntarily dismissed the Foreclosure Action without prejudice. (*Id.*, Trans. ID. CHC2022310631.)

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

7

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the Court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III. DECISION

At the outset, the Court finds Counts II and VII of the Amended Complaint are not directed against the Parker Ibrahim Defendants, with Plaintiff stating in Count II that the allegation is only directed against "Brett Lawrence Messinger, esq. of Duane Morris Law . . . . [for] violat[ing] the FDCPA by sending this certified piece of mail" (ECF No. 40 ¶ 26) and Count VII only making allegations against Messinger for certain filings made in the Superior Court Foreclosure Action (*id.* ¶ 55). Counts I, III, IV, V, and VI are directed against all Defendants (*id.* ¶¶ 19, 27, 34, 38, 39), meaning the Court will assess the sufficiency of these counts against the Parker Ibrahim Defendants for this Motion to Dismiss.

### A. Count I (Violation of RICO Statute)

The Parker Ibrahim Defendants argue Plaintiff has insufficiently pled her RICO claim in Count I, as she has not alleged a pattern of racketeering, identified a RICO enterprise, or alleged

any knowledge or agreement to facilitate a corrupt enterprise's activities. (ECF No. 45-21 at 8–13.) The Parker Ibrahim Defendants note that Plaintiff has failed to identify a specific provision of the RICO statute in Count I of the Amended Complaint. (*Id.* at 8–9.) Nonetheless, the Parker Ibrahim Defendants allege that Plaintiff does not meet the pleading requirements under 18 U.S.C. §§ 1962(a)–(d). (*Id.* at 9–13.) Among other deficiencies, the Parker Ibrahim Defendants assert Plaintiff has not alleged a pattern of racketeering, as she does not identify at least two acts of racketeering within a ten-year period, rather, Plaintiff only alleges a single scheme against herself and her property. (*Id.* at 9–10.) Plaintiff argues "[t]here are more than three separate Criminal Acts detailed below and in the Amended Complaint, a pattern on several dates & time, with evidence as required under the RICO statute," (ECF No. 62 ¶ 5) and "[t]here is an Enterprise formed with more than three business entities. Three under the Goldman Sachs Corporate brand, all separately licensed and a fourth being, Select Portfolio Servicing, who directly produces the Mortgage Statements with false inaccurate numbers" (*id.* ¶ 6).

Although Plaintiff has failed to allege the violation of any specific provision of the RICO statute, the Court will construe Plaintiff's pleading liberally due to her *pro se* status and proceed to assess if she has made a sufficient claim under any provision of the RICO statute. In the Amended Complaint, Plaintiff alleges the Parker Ibrahim Defendants violated "RICO Federal statute Section 1901 (a)." (ECF No. 40 ¶ 19.) Section 1901 of Title 18 of the U.S. Code is not a part of the RICO statute, rather, it is an unrelated provision dealing with the conduct of officers of the United States. Since Plaintiff has not alleged any of the Defendants are officers of the United States, Plaintiff's allegation is insufficiently pled on this basis. Nonetheless, despite Plaintiff's inartful pleading of the relevant statutory section, due to Plaintiff's *pro se* status, the Court will consider whether Plaintiff has sufficiently pled any claim under the RICO statute in Count I. *Woods*

*v. Murphy*, Civ. A. No. 22-4284, 2023 WL 2784408, at *2 (D.N.J. Mar. 31, 2023) (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."); *Walker v. Met. Tower Life Ins. Co.*, Civ. A. No. 15-240, 2016 WL 844838, at *2 (D.N.J. Mar. 4, 2016) ("In a case brought *pro se* such as this one, the Court must construe the complaint liberally in favor of the plaintiff."); *Sanchez v. Poag*, Civ. A. No. 11-3824, 2016 WL 1134536, at *2 (D.N.J. Mar. 22, 2016) (same).

Plaintiff fails to allege a claim under 18 U.S.C. §§ 1962(a)–(c) because she does not show a sufficient pattern of racketeering activity in her Amended Complaint. To show a pattern of racketeering activity, a Plaintiff must show at least two predicate acts of racketeering within a ten-year period. 18 U.S.C. § 1961(5); *see also Tedeschi v. Smith*, Civ. A. No. 09-03134, 2010 WL 148424, at *2 (D.N.J. Jan. 12, 2010); *Ottilio v. Valley Nat'l Bancorp.*, Civ. A. No. 13-7154, 2014 WL 906138, at *3 (D.N.J. Mar. 7, 2014). It is well-established that "allegations of a single fraudulent scheme designed to deprive a single victim of his property on a single occasion do not adequately allege a RICO violation." *Id.*; *Zahl, M.D. v. N.J. Dep't of Law and Safety*, Civ. A. No. 06-3749, 2009 WL 806540, at *7 (D.N.J. Mar, 27, 2009) (holding Plaintiff had not sufficiently alleged a pattern of racketeering activity when the complaint detailed "only a racketeering scheme that has succeeded, ended, and existed only to persecute a single victim"); *Altisource S.A.R.L. v. Szumanski*, Civ. A. No. 21-03293, 2022 WL 909872, at *9 (D.N.J. Mar. 29, 2022) (finding no pattern of racketeering activity against LLCs that were incorporated only to purchase a single property). Here, Plaintiff only alleges one specific predicate act against the Parker Ibrahim Defendants, this being a letter instructing Plaintiff not to return to the New York Goldman Sachs office. (*Id.* ¶ 14.) Therefore, Plaintiff has failed to allege at least two predicate acts of racketeering against the Parker Ibrahim Defendants, meaning she has failed to bring a claim under 18 U.S.C.

§§ 1962(a)–(c). 18 U.S.C. § 1961(5); *see also Tedeschi*, 2010 WL 148424 at \*2. Even if the Court did find that Plaintiff had alleged more than one predicate act against the Parker Ibrahim Defendants, the Court would still find Plaintiff has not alleged a pattern of racketeering activity, as she has pled acts related only to a single scheme against her property, without pleading any specific allegations of other similar schemes. *See Zahl*, 2009 WL 806540 at \*7 (holding Plaintiff had not sufficiently alleged a pattern of racketeering activity when the complaint detailed "only a racketeering scheme that has succeeded, ended, and existed only to persecute a single victim"); *Altisource*, 2022 WL 909872, at \*9 (finding no pattern of racketeering activity against LLCs that were incorporated only to purchase a single property).

Plaintiff has also failed to state a claim under 18 U.S.C. §1962(d), as she has failed to allege a conspiracy to violate any of 18 U.S.C. §§ 1962(a)–(c). To state a claim under 18 U.S.C. §1962(d), a plaintiff must show the defendant has "knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise." *Zavala v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 295, 317 (D.N.J. 2005) (quoting *Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001)); *see also English v. Kaplan*, Civ. A. No. 18-01617, 2023 WL 1360864, at \*9 (D.N.J. Jan. 31, 2023) (quoting *A-Valey Eng'rs, Inc. v. Bd. of Chosen Freeholders of Cnty. of Camden*, 106 F. Supp. 2d 711, 718 (D.N.J. 2000)) (stating it is well-established that a "general allegation of conspiracy without a statement of facts [is] an allegation of legal conclusion and insufficient to state a cause of action"); *Green v. Izod Corp. Off. & Headquarters*, Civ. A. No. 22-6380, 2023 WL 2992674, at \*4 (D.N.J. Apr. 18, 2023) (quoting *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989)) (stating that a claim for civil conspiracy requires "(1) [an] agreement to commit the predicate acts of fraud, and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate section 1962(a), (b), or (c)"). Here, the Court finds Plaintiff merely offers

conclusory statements regarding the existence of the conspiracy, by stating: "Defendants #2, #3, #4 and #5 are lawyers who knowingly and willingly joined a conspiracy to defraud the Plaintiff and her husband" (ECF No. 40 ¶ 12); and "Defendants all joined the conspiracy of the Goldman Sachs Organized Crime and attacked the Plaintiff and her husband" (*id.* ¶ 18). Plaintiff does not provide any detail of the circumstances or content of any agreement between the Defendants. Therefore, Plaintiff has failed to allege a conspiracy under 18 U.S.C. §1962(d). *See Zavala*, 393 F. Supp. 2d 295 at 317 (quoting *Smith*, 247 F.3d at 538); *English*, 2023 WL 1360864, at *9 (quoting *A-Valey*, 106 F. Supp. 2d at 718) (stating it is well-established that a "general allegation of conspiracy without a statement of facts [is] an allegation of legal conclusion and insufficient to state a cause of action").

Accordingly, the Parker Ibrahim Defendants Motion to Dismiss Count I of the Amended Complaint is **GRANTED** and Count I of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

### B.    Count III (Conspiracy to Commit Mortgage Fraud and Mortgage Servicing Fraud Against All Defendants)

The Parker Ibrahim Defendants argue Count III of the Amended Complaint should be dismissed as it makes no allegations against them. (ECF No. 45-21 at 15.) The Parker Ibrahim Defendants further argue that even if the claim was construed to make allegations against them, it would still fail because it has not sufficiently pled any of the elements of a civil conspiracy, including that Defendants acted in concert to commit an unlawful act, or a lawful act by unlawful means, and performed an overt act in furtherance of the scheme that caused damage to Plaintiff. (*Id.* at 15–16.) Finally, the Parker Ibrahim Defendants allege that Plaintiff's failure to sufficiently plead her other causes of action means she cannot establish the "independent wrong" prerequisite to a civil conspiracy claim. (*Id.* at 16.) Plaintiff argues she has adequately alleged civil conspiracy

against the Parker Ibrahim Defendants as she has claimed they conspired to forge an email by Plaintiff to Goldman Sachs containing threats, which was then used to obtain a search & seizure order against her property. (ECF No. 62 ¶ 1.1.)  However, this allegation was not included in the Amended Complaint, meaning it cannot be considered when assessing the sufficiency of Plaintiff's claim. *See Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"); *Marino v. Westfield Bd. of Educ.*, Civ. A. No. 16-00361, 2017 WL 216691, at *7 (D.N.J. Jan. 18, 2017) ("Plaintiff raises several new facts in its brief that purport to establish actual malice, but these new facts can have no place in the Court's 12(b)(6) analysis."); *Pue v. N.J. Dep't of Labor*, Civ. A. No. 23-855, 2023 WL 5671561, at *4 n. 8 (D.N.J. Sept. 1, 2023) ("While the Court construes Plaintiff's Amended Complaint liberally, the Court cannot consider new facts presented for the first time in opposition.").

In Count III, Plaintiff has alleged both fraud and civil conspiracy, meaning her pleading must conform to the requirements for these claims. (ECF No. 40 ¶ 27.) To adequately state a claim for fraud under New Jersey law, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Schiano v. MBNA*, Civ. A. No. 5-1171, 2016 WL 4009821, at *3 (D.N.J. July 25, 2016) (quoting *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997)). Federal Rule of Civil Procedure 9(b) also imposes a heightened pleading standard for fraud-based claims, requiring that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Powell v. Subaru of Am.*, 502 F. Supp. 3d 856, 887 (D.N.J. 2020). The heightened standard functions independently of, and in addition to, Federal Rule of Civil Procedure 12(b)(6). *Id.*

(quoting *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 144 (3d Cir. 2004)). "Rule 9(b) does not 'requir[e] every material detail of the fraud, such as date, location, and time' but 'plaintiffs must use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Powell*, 502 F. Supp. 3d at 887 (quoting *Rockefeller*, 311 F.3d at 216). Ultimately, the heightened pleading standard is designed to ensure "notice of the 'precise misconduct' with which defendants are charged and to prevent false or unsubstantiated charges." *Rapid Models & Prototypes, Inc. v. Innovated Sols.*, 71 F. Supp. 3d 492, 497 (D.N.J. 2014) (quoting *Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644, 658 (3d Cir. 1998)).

Plaintiff also alleges a conspiracy in Count III. (ECF No. 40 ¶ 27.) To properly plead a conspiracy claim under New Jersey law, a plaintiff must allege "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." *Fed. Nat'l Mortg. Ass'n v. DuBois*, Civ. A. No. 15-3787, 2018 WL 5617566, at *13 (D.N.J. Oct. 30, 2018) (quoting *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 390 (D.N.J. 2016)).

Here, the Court finds Plaintiff merely offers conclusory statements regarding the existence of the conspiracy, by stating: "Defendants #2, #3, #4 and #5 are lawyers who knowingly and willingly joined a conspiracy to defraud the Plaintiff and her husband" (ECF No. 40 ¶ 12); and "Defendants all joined the conspiracy of the Goldman Sachs Organized Crime and attacked the Plaintiff and her husband" (*id.* ¶ 18). Plaintiff does not provide any detail of the circumstances or content of any agreement between the Defendants. Plaintiff's failure to specifically allege "a real agreement or confederation with a common design" warrants dismissal of her claim. *Fed. Nat'l Mortg. Ass'n*, 2018 WL 5617566, at *13; *see also Cagno v. Ivery*, Civ. A. No. 19-20384, 2023

WL 6212023, at *6–7 (D.N.J. Sept. 25, 2023) (finding claims of shared customs or policies among defendants did not sufficiently allege an agreement between the defendants); *Iwanicki v. Bay State Mill Co.*, Civ. A. No. 11–01792, 2011 WL 6131956, at *8 (D.N.J. Dec. 7, 2011) (dismissing civil conspiracy claim because Plaintiff did not allege "any facts suggesting that one or more of the Defendants entered into an agreement to commit an unlawful act or engaged in any discussions that could be construed as an agreement").

Accordingly, the Parker Ibrahim Defendants' Motion to Dismiss Count III of the Amended Complaint is **GRANTED** and Count III of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

C.      **Count IV (Violation of 15 U.S.C. § 1681 and 15 U.S.C. § 1683 of the FCRA)**

As a preliminary matter, the Parker Ibrahim Defendants note 15 U.S.C. § 1683 does not exist. (ECF No. 45-21 at 17.) The Parker Ibrahim Defendants otherwise assert Plaintiff's claim in Count IV of the Amended Complaint should be dismissed, as she has failed to allege they are "credit reporting agencies" subject to the statute. (*Id.* at 17–18.) The Parker Ibrahim Defendants also claim Plaintiff has failed to allege the elements of an FCRA claim against them as "furnishers," as she has not claimed they received a notice of a dispute from a credit reporting agency, or that they failed to investigate or modify the allegedly inaccurate information. (*Id.* at 18–19.) Plaintiff argues the Parker Ibrahim Defendants violated the standards applying to "furnishers" in the FCRA, as they ignored over three years of credit report disputes by Plaintiff and furnished inaccurate information to credit reporting agencies. (ECF No. 62 ¶¶ 150, 152.)

Here, Plaintiff's pleading fails because she does not identify any provision of the FCRA that the Parker Ibrahim Defendants violated, however, the Court will construe Plaintiff's pleading liberally due to her *pro se* status and proceed to assess if she has made a sufficient claim under any

provision of the FCRA statute. The Court notes 15 U.S.C. § 1683 does not exist. Plaintiff also generally cites to 15 U.S.C. § 1681 by titling Count IV as "Violation of 15 U.S.C. 1681 and 1683 the FCRA." (ECF No. 40 ¶ 34.) The "Congressional Findings and Statement of Purpose" contained in 15 U.S.C. § 1681[4] do not provide a cause of action for Plaintiff. Therefore, Plaintiff has not identified any legal requirement of the FCRA that the Parker Ibrahim Defendants violated. Nonetheless, despite Plaintiff's inartful pleading of the relevant statutory section, the Court will consider the merits of Count IV due to Plaintiff's *pro se* status, which entitles her pleading to liberal construction. *Woods*, 2023 WL 2784408, at *2 (quoting *Higgs* 655 F.3d at 339 ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."); *Walker*, 2016 WL 844838, at *2 ("In a case brought *pro se* such as this one, the Court must construe the complaint liberally in favor of the plaintiff."); *Sanchez* 2016 WL 1134536, at *2 (same).

Here, it appears Plaintiff is attempting to state a claim under 15 U.S.C. § 1681s-2, which details the responsibilities of furnishers when reporting information to credit agencies. 15 U.S.C. § 1681s-2(b) is the only provision of the section which permits a private right of action against a furnisher of information. *Cabrera v. Nazor*, Civ. A. No. 23-2745, 2024 WL 310523, at *4 (D.N.J. Jan. 25, 2024) (quoting *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011)); *see also Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 447 (D.N.J. 2010) ("[Plaintiff's] claims under subsection (a) of 15 U.S.C. § 1681s–2 fail because that portion of the FCRA does not provide a private right of action."); *Edwards v. Equitable Ascent, FNCL, LLC*, Civ. A. No. 11-2638, 2012

---

[4] Section 1681 of Title 15 of the U.S. Code is entitled "Congressional findings and statement of purpose" and contains a list of the purposes of the FCRA such as "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), and "[i]t is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer," 15 U.S.C. § 1681(b).

WL 1340123, at *4 (D.N.J. Apr. 16, 2012) (finding "15 U.S.C. § 1681s–2(a) does not provide a private right of action to enforce a data furnisher's duty to report accurate information"). To state a claim under 15 U.S.C. § 1681s-2(b) against a furnisher, Plaintiff must show she "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Washington v. Freedom Mortg.*, Civ. A. No. 20-09332, 2021 WL 1100637, at *3 (D.N.J. Mar. 23, 2021) (quoting *Gittens v. Sterling Jewelers Inc.*, Civ. A. No. 15-5872, 2016 WL 828098, at *2 (D.N.J. 2016)); *see also Cheadle v. Experian*, Civ. A. No. 200-18183, 2021 WL 3144843, at *3 (D.N.J. July 26, 2021) (quoting 15 U.S.C. § 1681s–2(b)(1)) ("The duties that are placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency"); *Voranau v. LoanCare*, Civ. A. No. 19-16825, 2020 WL 13572962, at *3 (D.N.J. Apr. 13, 2020) (quoting *Henderson v. Equable Ascent Fin., LLC*, Civ. A. No. 11-3576, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011)). Here, Plaintiff has failed to allege the Parker Ibrahim Defendants were notified by a consumer reporting agency of her dispute, or that they failed to investigate and modify the information after receiving notice. Therefore, Plaintiff has failed to adequately plead a claim against the Parker Ibrahim Defendants under 15 U.S.C. § 1681s-2(b). *See Cheadle*, 2021 WL 3144843, at *3 (quoting 15 U.S.C. § 1681s–2(b)(1)) ("The duties that are placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency"); *Daniels v. Bank of Am.*, Civ. A. No. 23-01525, 2023 WL 9057318, at *2 (D.N.J. Dec. 30, 2023) (dismissing FCRA

claim in part because "it is unclear whether Defendant was ever informed of the alleged dispute pursuant to the notice procedures established by the FCRA"); *DiAntonio v. Wells Fargo Bank, N.A.*, Civ. A. No. 19-13995, 2020 WL 881511, at *4 (D.N.J. Feb. 24, 2020) (dismissing FCRA claim in part because "[p]laintiff has not alleged that [defendant] ever received notice of a dispute from a CRA.").

Accordingly, the Parker Ibrahim Defendants' Motion to Dismiss Count IV of the Amended Complaint is **GRANTED** and Count IV of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

### D.      Count V (Violation of 15 U.S.C. § 1682(g) of the FDCPA)

The Parker Ibrahim Defendants argue Plaintiff's FDCPA claim fails as Plaintiff does not allege the Parker Ibrahim Defendants are debt collectors under the statute. (ECF No. 45-21 at 14–15.) The Parker Ibrahim Defendants also argue that Plaintiff fails to allege the mortgage loan was in default when SPS became the mortgage servicer. (*Id.* at 15.) Plaintiff does not directly respond to these allegations, with her arguments on the FDCPA being directed against other defendants. (*See e.g.*, ECF No. 62 ¶¶ 169, 52–53.)

Here, Plaintiff's pleading fails as she has not alleged the Parker Ibrahim Defendants were debt collectors under the statute. In general,

> [t]o prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

*Tobing v. Parker McCay, P.A.*, Civ. A. No. 17-00474, 2018 WL 2002799, at *11 (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). The FDCPA defines a debt collector to be "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff has made no allegation that the Parker Ibrahim Defendants were operating any debt collection business, or ever attempted to collect her mortgage debt. Although lawyers who regularly engage in litigation to collect consumer debts are "debt collectors" under the FDCPA, *see Simon v. FIA Card Servs.*, 732 F.3d 259, 265 (3d Cir. 2013) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995)), Plaintiff has not alleged the Parker Ibrahim Defendants are regularly engaged in debt collection litigation, or even that they engaged in any litigation against her to collect the instant mortgage debt. Because Plaintiff has not alleged the Parker Ibrahim Defendants were debt collectors, her claim under the FDCPA must be dismissed. *See Tobing*, 2018 WL 2002799 at *11; *Siwulec v. Chase Home Fin., LLC*, Civ. A. No. 10-1875, 2010 WL 5071353, at *4 (D.N.J. Dec. 7, 2010) (dismissing FDCPA claim because "the [c]omplaint makes unsupported legal conclusions that [defendant] is a debt collector under the FDCPA"); *Sakrani v. Koenig*, Civ. A. No. 05-1192, 2006 WL 20514, at *3 (D.N.J. Jan. 3, 2006) (finding that general litigation and legal representation does not transform lawyers into debt collectors).

Accordingly, the Parker Ibrahim Defendants' Motion to Dismiss Count V of the Amended Complaint is **GRANTED** and Count V of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

### E.   Count VI (Mortgage Fraud)

The Parker Ibrahim Defendants assert Plaintiff has failed to plead any of the elements of common law fraud in New Jersey. (ECF No. 45-21 at 19.) The Parker Ibrahim Defendants claim that Plaintiff has not attributed any statement or material misrepresentation to them under this Count. (*Id.* at 20.) Plaintiff argues the Parker Ibrahim Defendants participated in mortgage fraud

as they gave instructions for her mortgage payments to be placed in an SPS suspense account entitled "Unapplied" (ECF No. 62 ¶ 24), although the Court notes this allegation was not included in the Amended Complaint, meaning it cannot be considered when assessing the sufficiency of Plaintiff's claim. *See Frederico*, 507 F.3d at 201–02 (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"); *Marino*, 2017 WL 216691, at *7 ("Plaintiff raises several new facts in its brief that purport to establish actual malice, but these new facts can have no place in the Court's 12(b)(6) analysis."); *Pue*, 2023 WL 5671561, at *4 n.8 ("While the Court construes Plaintiff's Amended Complaint liberally, the Court cannot consider new facts presented for the first time in opposition.").

The Court finds Plaintiff has failed to allege fraud against the Parker Ibrahim Defendants, as she has not alleged any misrepresentation made by them that she relied on, and which caused her damages. Rather, Plaintiff only makes general allegations that the Parker Ibrahim Defendants were empowered to "harass & torment [her] more severely." (ECF No. 40 ¶ 51–52.) Therefore, because Plaintiff has not alleged any of the elements of fraud, her claim under Count VI must be dismissed against the Parker Ibrahim Defendants. *See Barows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 366–67 (D.N.J. 2006) (quoting *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 261 (N.J. 2005) ("Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them."); *Vaughan v. Fein, Such, Kahn & Shepard, P.C.*, Civ. A. No. 21-16013, 2022 WL 2289560, at *5 (D.N.J. June 24, 2022) (finding general allegations of plaintiff's confusion and inability to evaluate options to be insufficient to plead reliance under common-law fraud); *Robinson v. Wingate Inns Int'l, Inc.*, Civ. A. No. 13-2468, 2015 WL 4064654, at *3 (D.N.J. June 30, 2015) (dismissing plaintiff's fraud allegation for failure to allege "a misrepresentation of a presently existing or past fact").

Accordingly, the Parker Ibrahim Defendants' Motion to Dismiss Count VI of the Amended Complaint is **GRANTED** and Count VI of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

> **F.    Leave to Amend and Enjoinment from Future Action**

The Parker Ibrahim Defendants argue Plaintiff should not be given another opportunity to amend her Complaint, as any further amendment would be futile. (ECF No. 45-21 at 21–22.) The Parker Ibrahim Defendants also argue they would be significantly and unfairly prejudiced by having to continue to defend themselves against Plaintiff's claims. (*Id.* at 22.) The Parker Ibrahim Defendants further request Plaintiff be permanently enjoined from filing further lawsuits against them without leave from the Court. (*Id.*) They assert Plaintiff should be found to be a vexatious litigant under the All Writs Act because she has no reasonable or good faith basis to believe she can prevail in this suit, given that the suit is duplicative of her previous dismissed actions and complaints. (*Id.* at 22–23.) Therefore, the Parker Ibrahim Defendants argue any future lawsuit would be harassing and duplicative. (*Id.* at 23.)

The Court grants Plaintiff leave to amend her Complaint against the Parker Ibrahim Defendants, because it would not be futile for Plaintiff to attempt to correct the identified deficiencies for the non-precluded counts, and there is no apparent equitable reason to deny leave to amend. The Court does not agree with the Parker Ibrahim Defendants' assertion that Plaintiff has repeatedly failed to cure deficiencies in pleading her Complaint, because only one Amended Complaint has been filed in this matter, and the Parker Ibrahim Defendants are new to this litigation. Moreover, the Federal Rules of Civil Procedure generally require the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15. Courts also generally grant *pro se* plaintiffs, like the one in this case, leave to amend where possible. *See Gambrell v. Arias*, Civ. A.

No. 14-6758, 2015 WL 13647384, at *1 (D.N.J. May 5, 2015) (stating that "[b]ased on Plaintiffs' *pro se* status, I will give them leave to amend their complaint"); *Pydeski v. Aetna Ins. Co. Disability Servs.*, Civ. A. No. 18-15305, 2019 WL 13396864, at *2 (D.N.J. Sept. 4, 2019) (noting that "courts in this Circuit are required to grant a *pro se* Plaintiff leave to amend a deficient Complaint unless amendment would be inequitable or futile"); *Johnson v. Performance Food Grp.*, Civ. A. No. 10-3742, 2010 WL 4668346, at *3 (D.N.J. Nov. 5, 2010) ("In light of Plaintiff's *pro se* status, Plaintiff is hereby granted leave to amend his complaint to cure the pleading deficiencies."). The Court will therefore allow Plaintiff to amend the Complaint in the interest of justice, since doing so will ensure Plaintiff has a fair opportunity to state her new claims in this matter.

Nonetheless, the Court concludes Plaintiff's pleading against the Parker Ibrahim Defendants was severely deficient in this Amended Complaint, and therefore warns the Plaintiff that this will be her final opportunity to state a claim against these defendants. The Court is mindful of the time and effort it has taken the Parker Ibrahim Defendants to respond to Plaintiff's allegations and will not grant Plaintiff unlimited opportunities to state viable claims, particularly where Plaintiff does not, in some cases, make any substantive allegations against the Defendants she has named.

## IV.    CONCLUSION

For the reasons set forth above, the Parker Ibrahim Defendants' Motion to Dismiss (ECF No. 45) Plaintiff's Amended Complaint (ECF No. 40) is **GRANTED**. Counts I, III, IV, V, and VI of Plaintiff's Amended Complaint (ECF No. 40) are **DISMISSED WITHOUT PREJUDICE** with leave to amend.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  February 16, 2024