**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRY SCALERCIO-ISENBERG,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., *et al.*,<br><br>Defendants. | Case No. 2:22-cv-02705 (BRM) (AME)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are *pro se* Plaintiff Sherry Scalerico-Isenberg's ("Plaintiff") Motion to Vacate pursuant to Fed. R. Civ. P. 60(b) (ECF No. 90)[1] and "Motion To Compel the Court to ethically and honorably serve Justice to the Pro Se Plaintiff" ("Motion to Compel") (ECF No. 100). Defendants Mitchell Scott Kurtz ("Kurtz") and Robert D. Bailey ("Bailey") (together, the "Parker Ibrahim Defendants") filed an Opposition to the Motion to Vacate (ECF No. 90), and Defendants Select Portfolio Servicing, Inc. ("SPS"), Brett L. Messinger ("Messinger"), and Kassia Fialkoff's ("Fialkoff") (together, the "Duane Morris Defendants") filed an Opposition to the Motion to Vacate (ECF No. 96). Plaintiff filed a Reply to these Oppositions. (ECF No. 97.) The Duane Morris Defendants filed an Opposition to the Motion to Compel (ECF No. 101), and Plaintiff filed a Reply (ECF No. 102). Having reviewed and considered the submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure

---

[1] All ECF numbers refer to this case unless otherwise stated.

78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motion to Vacate (ECF No. 90) is **DENIED** and Motion to Compel (ECF No. 100) is **DENIED**.

## I. BACKGROUND

### A. Factual Background

The factual and procedural background of this matter is well known to the parties, but to briefly recount the facts, this action arises from a home foreclosure due to an unpaid mortgage. Plaintiff attempted to make mortgage payments to SPS, but these payments were placed in an SPS account titled "Unapplied." (ECF No. 78 at 7.) As a result, the money was never applied to the outstanding mortgage balance, meaning the account balance increased and the non-payment was reported to credit agencies, resulting in negative assessments against Plaintiff's credit rating. (*Id.*)

### B. Procedural History

Plaintiff filed her initial Complaint in the Southern District of New York ("SDNY") on April 19, 2022. (ECF No. 1.) On May 2, 2022, Judge Laura Taylor Swain ordered the case be transferred from the SDNY to the District of New Jersey ("DNJ") on the basis that the events detailed in the Complaint, including the debt collection against Plaintiff and alleged harassment of Plaintiff, occurred in New Jersey. (ECF No. 5 at 3–5.)

On June 28, 2022, Plaintiff moved for default judgment against SPS. (ECF No. 18.) On July 6, 2022, the Parker Ibrahim Defendants filed a Motion to Dismiss the Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF Nos. 21, 21-1.) On August 1, 2022, Plaintiff moved for default judgment against Defendant Credit Suisse Group ("Credit Suisse"). (ECF No. 25.) On August 19, 2022, SPS filed a Motion to Dismiss the Complaint for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). (ECF

Nos. 27, 27-1.) On February 28, 2023, the Court denied Plaintiff's Motions for Default Judgment against SPS and Credit Suisse, denied SPS's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 4(m), and granted the Parker Ibrahim Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 35, 36.) The Court dismissed Plaintiff's claims against the Parker Ibrahim Defendants without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.*)

Plaintiff filed an amended complaint on March 8, 2023. (ECF No. 40.) The Amended Complaint[2] alleged the following causes of action: (1) violation of the Racketeer Influenced and Corrupt Organization ("RICO") statute by all Defendants (Count I); (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 1692, by Messinger (Count II); (3) Conspiracy to Commit Mortgage Fraud and Mortgage Servicing Fraud by all Defendants (Count III); (4) violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, 1683, by all Defendants (Count IV); (5) violation of the FDCPA, 18 U.S.C. § 1692(g), by all Defendants (Count V); (6) Mortgage Fraud by all Defendants (Count VI); and (7) Home Foreclosure Fraud and Perjury by Messinger (Count VII).

The Parker Ibrahim Defendants filed a motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 22, 2023. (ECF No. 45.) The Duane Morris Defendants filed a motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 17, 2023. (ECF No. 54.) Plaintiff filed an opposition to the Duane Morris Defendants' Motion to Dismiss on June 13, 2023. (ECF No. 62.) The Duane Morris Defendants filed a reply on June 21, 2023. (ECF No. 63.) On January 31, 2024, the Court

---

[2] Plaintiff named the same defendants in her First Amended Complaint as she did in her initial Complaint in addition to Messinger and Fialkoff. (ECF Nos. 1, 40.)

granted the Duane Morris Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed Plaintiff's claims against the Duane Morris Defendants with prejudice for claim preclusion as to Counts I and VI, with prejudice for issue preclusion as to Counts IV and V, and without prejudice with leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as to Counts II, III, and VII. (ECF Nos. 71, 72.) On February 16, 2024, the Court granted the Parker Ibrahim Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed Plaintiff's claims against the Parker Ibrahim Defendants without prejudice with leave to amend. (ECF No. 76.)

Plaintiff filed a Second Amended Complaint on February 20, 2024. (ECF No. 78.) The Second Amended Complaint alleged the following causes of action: (1) violation of the FDCPA, 18 U.S.C. § 1692, by Fialkoff (Count I); (2) violation of the FDCPA, 18 U.S.C. § 1692, by SPS (Count II); (3) violation of the FDCPA, 18 U.S.C. § 1692, by Messinger (Count III); (4) violation of the FDCPA and Conspiracy to Commit Mortgage Servicing Fraud and Mortgage Fraud by the Parker Ibrahim Defendants (Count IV); (5) Home Foreclosure Fraud and Perjury by Messinger (Count V); and (6) Mortgage Servicing Fraud by Messinger and SPS (Count VI).

On March 19, 2024, the Duane Morris Defendants and the Parker Ibrahim Defendants both filed Motions to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 81, 82.) On April 1, 2024, Plaintiff filed an opposition to both motions to dismiss. (ECF No. 83.) On April 8, 2024, the Parker Ibrahim Defendants filed a reply. (ECF No. 84.) On October 22, 2024, the Court granted Duane Morris Defendants' and Parker Ibrahim Defendants' Motions to Dismiss, dismissed Plaintiff's Second Amended Complaint with prejudice, and ordered the case closed. (ECF Nos. 87, 88.)

On March 17, 2025, Plaintiff filed a Motion to Vacate the Court's Order dismissing the case with prejudice. (ECF No. 90.) On April 7, 2025, the Parker Ibrahim Defendants filed an Opposition (ECF No. 94), and, on April 18, 2025, the Duane Morris Defendants filed an Opposition (ECF No. 96). On April 28, 2025, Plaintiff filed a Reply to these Oppositions. (ECF No. 97.) On June 30, 2025, Plaintiff filed a "Motion to Compel the Court to ethically and honorably serve Justice to the Pro Se Plaintiff." (ECF No. 100.) On July 2, 2025, the Duane Morris Defendants filed an Opposition (ECF No. 101), and, on the same day, Plaintiff filed a Reply (ECF No. 102).

### C. Related Cases

#### 1. Prior DNJ Action

Plaintiff filed a previous case against SPS in the DNJ on April 20, 2020 (the "Prior DNJ Action"). (Civ. A. No. 20-04501, ECF No. 1.) The complaint alleged five causes of action: (1) violation of the FCRA, 15 U.S.C. § 1681 (Count I); (2) Mortgage Fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-19 (Count II); (3) violation of the FDCPA, 15 U.S.C. § 1692 (Count III); (4) Extortion (Count IV); and (5) Money Laundering (Count V). (*Id.*) SPS filed a motion to dismiss the original complaint in that case on May 28, 2020. (*Id.*, ECF No. 7.) The Honorable Anne E. Thompson, U.S.D.J. ("Judge Thompson") granted the motion and dismissed the complaint without prejudice on September 30, 2020. (*Id.*, ECF No. 13.)

Plaintiff filed an amended complaint on October 6, 2020. (*Id.*, ECF No. 16.) SPS filed a motion to dismiss the amended complaint on October 23, 2020. (*Id.*, ECF No. 19.) Judge Thompson granted the motion and dismissed the amended complaint with prejudice on January 27, 2021. (*Id.*, ECF No. 32.) Judge Thompson dismissed the claims on the following grounds: (1) Count I because SPS was not put on notice of the credit report dispute by a credit reporting agency;

5

(2) Count II because SPS did not engage in sale or advertisement of merchandise or real estate; (3) Count III because SPS does not qualify as a "debt collector"; and (4) Counts IV and V because New Jersey does not recognize civil extortion and money laundering actions. (*Id.*, ECF No. 32 at 3–5.)

### 2. The Foreclosure Action

On July 29, 2022, LMAT filed a Foreclosure Action against Plaintiff, Marcus Isenberg, and Charter One (the "Foreclosure Action") in the Superior Court of New Jersey, Chancery Division, Sussex County ("Superior Court"). (Case No. SWC-F-007893-22, Trans ID. CHC2022176074.) Plaintiff filed an answer, claiming Messinger failed to include related cases to the foreclosure in the FCIS, and LMAT was a participant in a mortgage fraud scheme against Plaintiff. (*Id.*, Trans ID. CHC2022271214.) The Superior Court found the answer to be non-contesting and transferred the case to the Office of Foreclosure. (*Id.*, Trans. ID. CHC2022283434.) On December 29, 2022, LMAT voluntarily dismissed the Foreclosure Action without prejudice. (*Id.*, Trans. ID. CHC2022310631.)

## II.   LEGAL STANDARD

### A.   Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Accordingly, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). This is because "[t]he remedy provided by Rule 60(b) is extraordinary." *Jones v. Citigroup, Inc.*, Civ. A. No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (internal quotation and citation omitted).

In particular, "[t]he standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (internal quotation and citation omitted). Further, relief from a judgment under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). Finally, Rule 60(b) motions do not provide avenues for re-litigating already decided issues. *See Smith*, 853 F.2d at 158; *see also P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

### III. DECISION

#### A. Motion to Vacate

Plaintiff's Motion to Vacate is incredibly disjointed and inartful in its form, making it difficult for the Court to ascertain her arguments. Considering Plaintiff's *pro se* status, the Court will still consider the merits of the Motion. *See Woods v. Murphy*, Civ. A. No. 22-4284, 2023 WL

7

2784408, at *2 (D.N.J. Mar. 31, 2023) (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."); *Walker v. Met. Tower Life Ins. Co.*, Civ. A. No. 15-240, 2016 WL 844838, at *2 (D.N.J. Mar. 4, 2016) ("In a case brought *pro se* such as this one, the Court must construe the complaint liberally in favor of the plaintiff."); *Sanchez v. Poag*, Civ. A. No. 11-3824, 2016 WL 1134536, at *2 (D.N.J. Mar. 22, 2016) (same).

Plaintiff's brief is replete with what appears to be regurgitated statements from her Second Amended Complaint and prior submitted arguments. (*See generally* ECF Nos. 78, 83, 90.) She repeatedly attacks the Court without any basis, claiming "**Judge Martinotti nefariously and wrongly, speculates that the Plaintiff would not have instructed her lawyers to pay the disputed, Fraud amounts that she has disputed for years!**" (ECF No. 90 at 2–3.) She argues "**THE MALICIOUS PROSECUTION SCHEMES BY PIB LAW WERE COMPLETELY IGNORED AND CONCEALED BY MARTINOTTI[,]**" and repeatedly states there has been "obstruction of justice by Judge Martinotti." (*Id.* at 3–5.) In this submission, Plaintiff fails to outline any basis for granting the Motion to Vacate under Fed. R. Civ. P. 60(b) beyond what the Court assumes to be a Rule 60(b)(3) argument for fraud.

In opposition, the Parker Ibrahim Defendants claim "the Instant Complaint fails to meet any of the elements to justify vacating this Court's October 22, 2024 Order under Fed. R. Civ. P. 60." (ECF No. 94 at 13.) They state the Motion is procedurally improper because it fails to include a notice of motion as Local Rule 7.1(b)(2) requires. (*Id.*) The Parker Ibrahim Defendants also argue Plaintiff could have raised any and all arguments presented here in a direct appeal to the Third Circuit, making denial of the Motion appropriate, and they further assert this Motion to Vacate was not filed within a reasonable time. (*Id.* at 14.) They finally contend Plaintiff has not alleged

8

any clerical mistake pursuant to Fed. R. Civ. P. 60(a), has not sufficiently alleged fraud pursuant to Fed. R. Civ. P. 60(b)(3), and she cannot satisfy the standard under (b)(1), (2), (4), (5), or (6). (*Id.* at 15–18.)

The Duane Morris Defendants echo many of the Parker Ibrahim Defendants' arguments. (*See generally* ECF No. 96.) They state, "it appears that [Plaintiff] is moving under subparagraph (b)(3), which provides that the Decision was obtained through 'fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.'" (*Id.* at 5 (quoting Fed. R. Civ. P. 60(b)(3)).) They claim such relief must be shown by "clear and convincing evidence" and "cannot serve as an attempt to relitigate the merits." (*Id.* (quoting *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960); *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)).) The Duane Morris Defendants therefore argue "[Plaintiff] does nothing more than make allegations that the Court's Orders were false. The Motion fails to include any evidentiary support [] of wrongdoing, let alone evidence that is clear and convincing." (*Id.*) They finally state the Motion was not filed timely because it has been approximately 5 months since the Court's decision and no explanation has been provided by Plaintiff as to what caused such a delay. (*Id.*)

In reply, Plaintiff simply reiterates the same assertions she has claimed throughout the course of this case. (*See* ECF No. 97-1.)

The Court finds no adequate basis to grant Plaintiff's Motion to Vacate. Rule 60(c)(1) states that such motions "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Defendants' collective arguments regarding the timeliness of the Motion are noted, but in light of Plaintiffs' *pro se* status and given that the Motion was filed within a year, it does not deny the Motion on this

9

ground. "Importantly, the movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff,* 950 F.2d 919, 929 (3d Cir. 1991) (quoting *Plisco v. Union R. Co.,* 379 F.2d 15, 17 (3d Cir. 1967)). Likewise, a Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Testa v. Hoban*, Civ. A. No. 17-1618, 2018 WL 5801548, at *3 (D.N.J. Nov. 6, 2018) (quoting *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988))). Similarly, "a motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal." *Id.*

In order for a Court to set aside a judgment on the basis of fraud under Rule 60(b)(3), Plaintiff here "must show with clear and convincing evidence: '(1) that the adverse party engaged in fraud or misconduct; and (2) that this conduct prevented the moving party from fully and fairly presenting his case.'" *Testa*, 2018 WL 5801548, at *5 (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)). Plaintiff's conclusory allegations and legal assertions in the present Motion contain the same deficiencies that has continuously plagued her numerous complaints and iterations thereof. Indeed, she has "failed to demonstrate that either alleged fraud or misconduct prevented h[er] from fully and fairly presenting h[er] case." *Kiburz*, 446 F. App'x at 437; *see Testa* 2018 WL 5801548, at *5 ("Testa advances no evidence to support the assertion that Defendants engaged in fraud to prevent him from presenting his case. Rather, Testa's thirty-seven-page brief focuses on joining additional defendants, raising new allegations, and further detailing previous allegations.").

Additionally, the Court finds no argument presented regarding a clerical error to fall under Rule 60(a). Likewise, no appropriate "mistake, inadvertence, surprise, or excusable neglect" justifies relief under Rule 60(b)(1), nor any "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" has been adequately alleged. Fed. R. Civ. P. 60(b)(1)–(2). The same failure is found when looking to the other grounds as Plaintiff has not identified any valid reason the judgment should be void and she has not argued "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(4)–(5). Finally, as the Parker Ibrahim Defendants have argued, Plaintiff has not adequately identified "any other reason that justifies relief[,]" "nor explained why an 'extreme and unexpected hardship would occur' absent granting relief under [Fed. R. Civ. P. 60(b)(6)]." (ECF No. 94 at 18 (citing *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) ("Ultimately, as with any motion for 60(b)(6) relief, what must be shown are 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'")).)

Accordingly, Plaintiff's Motion to Vacate is **DENIED**.

**B.     Motion to Compel**

While the Motion to Vacate was pending, Plaintiff filed a "Motion to Compel the Court to ethically and honorably serve Justice to the Pro Se Plaintiff." (ECF No. 100.) She also titled this brief as a "**LEGAL MEMORANDUM: FRAUD UPON THE COURT & JUDICIAL DISQUALIFICATION**." (*Id.* at 1.) Plaintiff's argument is again disjointed in its form and replete with various case citations, some of which appear to have been dropped into her brief with no proper explanation. (*See generally id.*) Plaintiff references her Motion to Vacate, reiterates points made there, and claims she "has outlined a powerful and well-supported legal argument rooted in

11

the doctrine of '**fraud upon the Court**' and **judicial disqualification**, citing strong precedent from both state and federal jurisdictions and concrete facts of evidence filed on the court docket from 2020 through 2025." (*Id.* at 4.)

In opposition, the Duane Morris Defendants argue that "[s]ince the entry of the Decision, Plaintiff has continued to communicate with Defendants and expressed her 'position' that she believes the Decision was rife with fraud, and the result of other conduct not becoming of attorneys or members of the judiciary." (ECF No. 101 at 2.) They assert the Motion to Compel "must be denied (or ignored) since the relief it seeks is nowhere to be found in any Federal Rule or Court." (*Id.* at 3.) The Duane Morris Defendants go on to argue "there is no indication that there has been any violation of the Code of Conduct for United States Judges, but only a disgruntled Plaintiff who is a sore loser and cannot find the strength to move on from the case." (*Id.*)

In reply, Plaintiff again rehashes many of the facts she has repeatedly asserted regarding fraud and misconduct concerning Defendants' respective actions and by various judges. (*See generally* ECF No. 102.) Plaintiff argues "[c]oncrete facts are detailed in ECF#90, a Motion to Vacate the unethical, wrong, and nefarious Orders written by the United States District Court Judge Brian R. Martinotti." (*Id.* at 6.) She characterizes the Duane Morris Defendant's Opposition as "a misguided attempt to characterize Plaintiff's Rule 60(b) Motion and related filings as nothing more than the grievances of a 'disgruntled' litigant." (*Id.*) Plaintiff asserts "[the Duane Morris] Defendants' memorandum wholly fails to address the substance of Plaintiff's allegations, which are grounded in concrete evidence of material misrepresentations, fraud upon the Court, and possible judicial misconduct—issues that strike at the integrity of the judicial process and fall squarely within the ambit of Rule 60(b)(3), (4), and (6)." (*Id.*) Plaintiff claims her Motion to Compel is consistent with "Canon 1, 2, and 3 of the Code of Conduct for United States Judges,

12

and [t]he Due Process Clause of the Fifth Amendment, which mandates fair adjudication." (*Id.* at 7.)

Defendants are correct that Plaintiff's Motion to Compel is an improper one. Indeed, she appears to concede as much by acknowledging that it is "nowhere found in the Federal Rules" because she claims the Motion "is, in essence, a plea for the Court to uphold judicial ethics and the appearance of impartiality" in accordance with her citation to the Code of Conduct for United States Judges and the Due Process Clause of the Fifth Amendment. (*Id.* at 6.) However, Plaintiff has presented no evidence that fraud upon the Court has occurred, nor provided any basis for why judicial disqualification should now occur beyond what appears to be her discontent at having continuously failed to allege proper claims.

Additionally, for the first time in either Motion before the Court, Plaintiff raises, in reply to the Duane Morris Defendants' Opposition to the Motion to Compel rather than the Motion to Vacate, Rule 60(b)(4) and (6) as bases for her Motion to Vacate. (*Id.* at 8.) Even when overlooking her deficiency to state which grounds she seeks relief under in the Motion to Vacate (or the Motion to Compel for that matter), the Court is not persuaded by Plaintiff's arguments. *See supra* Section III.A; *see also Tormasi v. Lanigan*, 363 F. Supp. 3d 525, 540 n.7 (D.N.J. 2019) (citing *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) ("Arguments raised for the first time in a reply brief are not properly before the Court and need not be considered.").

Likewise, the Motion to Compel appears to the Court to simply be her Motion to Vacate disguised as a different, deficient motion. Even if the Court were able to appropriately decide the Motion to Compel, the repeated arguments that "Plaintiff's Claims Are Properly Brought Under Rule 60(b)" further lead this Court to read Plaintiff's Motion to Compel as a Motion to Vacate in

13

another form. Regardless, the Court has already determined Plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b). *See supra* Section III.A.

Accordingly, Plaintiff's Motion to Compel is **DENIED.**

### C. Injunction

In their Reply to the Motion to Vacate, the Parker Ibrahim Defendants ask the Court to grant their prior request for an injunction. (ECF No. 94 at 18; *see* ECF No. 82 at 30–33.) They state "[d]ue to both the frivolous nature of this instant motion, in conjunction with Plaintiff's increasing escalation of threats, the PIB Defendants respectfully request that this Court grant the injunctive relief previously requested in their March 19, 2024 motion to dismiss." (*Id.* at 18.) The Court declines to grant injunctive relief at this time.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Vacate (ECF No. 90) and Motion to Compel (ECF No. 100) are **DENIED**. Defendants' request for an injunction against Plaintiff is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: October 16, 2025