**<u>NOT FOR PUBLICATION</u>**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRY SCALERCIO-ISENBERG, <br><br> Plaintiff, <br><br> v. <br><br> SELECT PORTFOLIO SERVICING, INC., *et al.*, <br><br> Defendants. | Case No. 2:22-cv-02705 (BRM) (AME) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Before the Court is *pro se* Plaintiff Sherry Scalercio-Isenberg's ("Plaintiff") "Motion to Compel the court to follow the rule of law," which was filed on October 30, 2025. (ECF No. 108.) Defendants Select Portfolio Servicing, Inc. ("SPS"), Brett L. Messinger ("Messinger") and Kassia Fialkoff ("Fialkoff," and collectively with Messinger, the "Duane Morris Defendants" and together with SPS, the "Defendants") filed an opposition on November 13, 2025.[1] (ECF No. 109.) Plaintiff filed a reply on November 14, 2025. (ECF No. 110.) Having reviewed and considered the parties' submissions filed in connection with the motion, for the reasons set forth below and for good cause appearing, Plaintiff's motion (ECF No. 108) is **DENIED**.

Initially, the Court construes Plaintiff's motion as second motion for reconsideration, pursuant to Local Civil Rule 7.1(i), of this Court's October 16, 2025 Opinion and Order, denying Plaintiff's motion to vacate and motion to compel. (ECF Nos. 103, 105; *see also Turner v. Evers*,

---

[1] Defendants construe Plaintiff's motion as a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(3). (ECF No. 109 at 7.) According to Defendants, the Court should deny the motion because it is untimely and otherwise unsupported by "clear and convincing evidence" (*Id.* (citing *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960).) The Court need not address these arguments as it construes the motion differently and denies the motion on other grounds. *See Turner*, 726 F.2d at 114.

726 F.2d 112, 114 (3d Cir. 1984) ("The focus . . . is on the function of the motion, not its caption.").)

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i).

On October 24, 2025, this Court denied Plaintiff's first motion for reconsideration of the October 16, 2025 Opinion and Order. (ECF No. 107 (noting the underlying purpose for Plaintiff's first motion for reconsideration was to impermissibly "relitigate her claims").) Plaintiff has shown no basis for further reconsideration.

Accordingly, and for good cause appearing,

**IT IS** on this 26th day of February 2026,

**ORDERED** that Plaintiff's second motion for reconsideration (ECF No. 108) is **DENIED**.


*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT COURT**